{¶ 18} I concur with the majority's decision to affirm the order of Judge Timothy J. McGinty that denied Davonne Keith's motion to suppress. I dissent in part, however, because the majority has chosen to ignore an obvious sentencing error and, instead of vacating the sentence and remanding for resentencing, they invite yet another appeal based, this time, upon ineffective assistance of appellate counsel. The judge imposed consecutive sentences without making findings and without giving reasons necessary under R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), and the majority turns a blind eye using the excuse that an appellate court is not required to recognize errors that have not been assigned. Apparently they decided to be blissfully unaware that the emperor is not wearing any clothes.[1]
 {¶ 19} Although Keith did not challenge his sentencing on appeal, a reviewing court has the authority to address it sua sponte,[2] because the judge's failure to articulate the statutory requirements is plain error[3] and grounds for a vacation of the sentence and remand for resentencing.[4] A plain error is defined as an inarguable, or "`obvious' defect in the trial proceedings[,]" that has "affected the outcome of the trial."[5] The error here satisfies the standard because the imposition of consecutive sentences without first satisfying statutory requirements is, without doubt, "contrary to law."[6] Furthermore, Barnes makes it clear that an error need only affect substantial rights in order to be recognized; the court's explanation ameliorated the stringent "outcome-determinative" standard of State v. Long.[7]
Therefore, regardless of whether the judge could have made proper findings and given reasons supporting consecutive sentences, the failure to follow sentencing requirements certainly affected Keith's substantial rights. The judge was required to make such findings and give such reasons during the hearing, on the record,[8] and the failure to do so affected Keith's sentence.
 {¶ 20} The judge's plain error in sentencing Keith is even more apparent in light of the United States Supreme Court's decision in Blakely v. Washington,[9] which may have altered or restricted the reasons for the statutorily required findings for sentencing, including the findings necessary to impose consecutive sentences. The Blakely court ruled that for sentencing purposes the "statutory maximum" is not the longest term the defendant can receive under any circumstances, but is "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."[10] The court explained that its holding applied equally well when a defendant's conviction was based on a guilty plea or no contest plea: "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding."[11]
 {¶ 21} Here, the judge failed to make any of the findings required by statute and gave no reason for imposing a consecutive sentence. The Supreme Court of Ohio has admonished courts "to notice plain error with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."[12] If Blakely applies to Ohio sentencing, Keith's constitutional rights guaranteed by the Sixth Amendment to the United States Constitution are at stake. Certainly, the plain error doctrine should be applied to this case to prevent a manifest miscarriage of justice. I cannot fathom why the majority thinks otherwise.[13]
[1] "But he hasn't got anything on," a little child said. The Emperor's New Clothes, Hans Christian Anderson(1805-1875).
[2] See, e.g., State v. Slagter (Oct. 26, 2000), Cuyahoga App. No. 76459 (remanded, sua sponte, for resentencing); Statev. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700 (sentence modified, sua sponte); Cleveland v. Abuaun (Feb. 19, 1998), Cuyahoga App. Nos. 72342, 72343 (conviction reversed, sua sponte).
[3] State v. Brown, Cuyahoga App. No. 80725, 2002-Ohio-5468, at ¶ 23.
[4] Although R.C. 2953.08(G)(1) can be read to provide for a limited remand for findings only, such relief would be ineffective because the findings must be accompanied by reasons.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, paragraph one of the syllabus.
[5] State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240.
[6] R.C. 2953.08(A)(1)(4); State v. Jones, 93 Ohio St.3d 391,399, 2001-Ohio-1341, 754 N.E.2d 1252.
[7] Barnes at 27, citing State v. Long, 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus.
[8] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, paragraph one of the syllabus.
[9] Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403.
[10] Id. at 2537-38, 159 L.Ed.2d at 413-14.
[11] Id. at 2541, 159 L.Ed.2d at 417.
[12] Barnes at 27, quoting State v. Long, 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus (internal quotation marks omitted).
[13] Note the majority writer's concurrence in State v.Wright, Cuyahoga App. No. 81644, 2003-Ohio-1958, where the panel determined sua sponte that a defendant's sentence had to be increased.